(106 So. 872)

## CLARK v. STATE. (5 Div. 548.)

(Court of Appeals of Alabama. Jan. 12, 1926.)

**1. Indictment and information ⬤➡71—Indictment for possessing still held not demurrable as vague and uncertain.**

Count in indictment, alleging that accused did manufacture, sell, give away, or possess a still, apparatus, appliance, or device or substitute therefor, to be used for manufacturing prohibited liquors or beverages, *held* not demurrable as being vague and uncertain.

**2. Indictment and information ⬤➡71—Indictment for possessing still held to inform defendant of offense with which he was charged.**

Count in indictment for possessing still, alleging that accused did manufacture, sell, give away, or possess a still, apparatus, appliance, or device, or substitute therefor, to be used for manufacturing prohibited liquors or beverages, *held* to properly inform defendant of offense with which he was charged.

**3. Intoxicating liquors ⬤➡209—Indictment for possessing still held to sufficiently describe it.**

Count in indictment for possessing still, alleging that accused possessed a still, apparatus, appliance, device, or substitute therefor, to be used for manufacturing prohibited liquors or beverages, *held* to sufficiently describe still.

**4. Intoxicating liquors ⬤➡209—Indictment for possessing still held to charge an offense.**

Count in indictment alleging that accused did manufacture, sell, give away, or possess a still, apparatus, appliance, or device, or substitute therefor, to be used for manufacturing prohibited liquors or beverages, *held* to charge an offense.

**5. Criminal law ⬤➡1182—Judgment affirmed where no bill of exceptions and no error on record proper.**

Judgment will be affirmed where there is no bill of exceptions and no error apparent on record proper.

Appeal from Circuit Court, Coosa County; E. S. Lyman, Judge.

George W. Clark was convicted of violating the Prohibition Law, and he appeals. Affirmed.

Count 2 of the indictment is as follows:

"The grand jury of said county further charge that before the finding of this indictment George W. Clark, whose true name is to the grand jury unknown otherwise than as stated, did manufacture, sell, give away, or have in possession a still, apparatus, appliance, or a device or substitute therefor, to be used for the purpose of manufacturing prohibited liquors or beverages, against the peace and dignity of the state of Alabama."

To this count defendant interposed grounds of demurrer as follows:

"(1) Said count of said indictment is vague and uncertain.

"(2) Said second count of the indictment fails to inform the defendant of the offense with which he is charged.

"(3) For that said second count of the indictment fails to describe the still, apparatus, appliance, or device, or substitute therefor.

"(4) Said second count charges no offense."

Thos. A. Curry, of Clanton, for appellant.

Harwell G. Davis, Atty. Gen., for the State.

No briefs reached the Reporter.

BRICKEN, P. J. There were two counts in the indictment which the grand jury preferred against this appellant. Count 1, in proper form and substance, charged him with distilling, making, or manufacturing alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcohol, etc. Count 2 charged the unlawful possession of a still, etc., to be used for the purpose of manufacturing prohibited liquors or beverages.

⬤➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1-4] Demurrers were interposed to count 2, but were overruled, and properly so. This court has many times held that a count of this character was good.

[5] Upon conviction he was sentenced to serve an indeterminate sentence in the penitentiary of from three to four years. Judgment was pronounced and entered accordingly.

Let the judgment appealed from stand affirmed, as there is no error upon the record, and upon the record proper this appeal is predicated. There is no bill of exceptions.

Affirmed.